IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-99-34 (1) |
| MARTIN BARRON MALDONADO, SR. | § | |

**MEMORANDUM OPINION AND
ORDER DENYING LETTER MOTION
FOR REVOCATION AND CONCURRENCY**

On February 2, 2009, the Court received a letter from Defendant Martin Barron Maldonado, Sr., ("Maldonado"), which the Clerk has docketed as a letter motion. (D.E. 14.) In it, Maldonado acknowledges that there is an outstanding federal warrant for his arrest in this case, entered in response to the United States Probation Office's pending petition for the revocation of his supervised release term. He explains that he is currently incarcerated in Oklahoma, and has been serving his Oklahoma sentence since 2004. He requests that the Court revoke his sentence and run the revocation concurrent with the state sentence he is now serving. If the Court were to do so, he claims that the two sentences would expire at approximately the same time and he "could request parole to INS and return to Mexico." (D.E. 14 at 2.) For the reasons set forth herein, Maldonado's letter motion is DENIED.

**I. BACKGROUND**

Maldonado pleaded guilty to the offense of possession with intent to distribute approximately 595 grams of cocaine. (D.E. 1, 6, 7.) On June 10, 1999, Maldonado was

1

sentenced by this Court to a term of imprisonment of 51 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. The Court also imposed a $100 special assessment. (D.E. 11, 12.) Judgment of conviction and sentence was entered on June 15, 1999. (D.E. 12.) Maldonado did not appeal.

On November 30, 2004, the U.S. Probation Office in this District filed a petition for a warrant or summons for Maldonado. (D.E. 13.) The petition seeks a revocation of Maldonado's supervised release in this case because he violated a number of conditions of his supervised release. In response to the Probation Office's petition in this case, the Court issued a warrant for Maldonado on November 30, 2004.

On August 24, 2005, subsequent to the Court's issuance of the warrant, Maldonado was convicted of trafficking in illegal drugs in Oklahoma under the name "Jesus Barron." According to the Oklahoma Department of Corrections ("ODC") website, he was sentenced to an eighteen-year term of incarceration and began service of his sentence on November 22, 2005.[1] This information is based on the state offender number given by Maldonado in his letter, #518003. (See D.E. 14 at 2.) Additionally, the Court notes that ODC has "Martin Barron-Maldonado" listed as one of his aliases, and that his place of incarceration matches the address on his letter to the Court. The height and birth date in Defendant's Presentence Investigation Report also match the ODC information. (See PSR at ¶¶ 29, 31.) Thus,

---

[1] The ODC's main website is www.doc.state.ok.us. Its "Offender Search" function contains information concerning specific offenders. The page listing Defendant's information is: http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=518003&offender_book_id=305740 (February 6, 2009).

2

although the names are different, the Court believes the individual incarcerated in Oklahoma as Jesus Barron #518003 is Defendant herein.

## II. ANALYSIS

Because Maldonado remains incarcerated in Oklahoma, a detainer is lodged against him, but the warrant has not yet been executed.  Until execution of the warrant, Maldonado has no right to a revocation hearing.  United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994) (discussing Moody v. Daggett, 429 U.S. 78 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee taken into custody").  Thus, his request that the Court impose a revocation sentence now has no merit and is denied.

Moreover, as Maldonado candidly admits, the reason he wants this Court to revoke his sentence now is so that the revocation sentence imposed in this case can run concurrently with his current state term of imprisonment.  (D.E. 28 at 1).  It is not necessary for the Court to hold his revocation hearing now in order for him to receive the equivalent of concurrent sentences, however.  As noted by the Tippens court, a district court has the ability "to grant, retroactively, the equivalent of concurrent sentences."  Tippens, 39 F.3d at 90 (quoting Moody, supra and United States v. Fisher, 895 F.2d 208, 211 (5th Cir. 1990)).  In this case, then, Maldonado will have to await this Court's decision at his revocation hearing in order to learn what type of sentence the Court will impose.

## III.  CONCLUSION

For the foregoing reasons, Maldonado's motion for a revocation hearing in absentia (D.E. 14) is DENIED.

ORDERED this 17th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE