**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | Cr. No. C-99-34 (1) |
| MARTIN BARRON MALDONADO, SR. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING "PETITION FOR WRIT OF
HABEAS CORPUS AD PROSEQUENDUM"**

In February, 2009, the Court received a letter motion from Defendant Martin Barron Maldonado, Sr., ("Maldonado"). In it, Maldonado requested that the Court hold the revocation proceedings in the instant case so that any federal sentence imposed upon revocation of supervised release could run concurrent with the state sentence he is currently serving in Oklahoma. (D.E. 14.) By a Memorandum Opinion and Order signed and entered February 18, 2009, the Court denied Maldonado's letter motion. (D.E. 15.)

That Order first set forth the background of Maldonado's criminal case. In denying his requests that the revocation proceeding be held immediately and that his sentences be ordered to run concurrently, the Court noted that the warrant for Maldonado's arrest had not yet been executed and that a detainer was lodged against him. (D.E. 15 at 2.) Until the execution of that warrant, the Court held that Maldonado had no right to a revocation hearing. (D.E. 15 at 2-3 (citing United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994) and

1

Moody v. Daggett, 429 U.S. 78 (1976)).

Maldonado has now sent two additional documents to the Court that essentially request the same relief. In the first, titled as a "Petition for Writ of Habeas Corpus Ad Prosequendum," Maldonado states that "a detainer has been filed, but not resolved, which is hoped for." (D.E. 17 at 1.) Construed liberally, he appears to be asking for the Court to issue a writ of habeas corpus ad prosequendum in order to bring him to federal court for the revocation proceedings in this case. (See generally D.E. 17.) In the second document, Maldonado explains to the Court that Oklahoma has recently passed a law called the "Alien Rapid Repatriation Act of 2009." (D.E. 18.) According to Maldonado, the law would allow his deportation by Immigration Services once he has served a third of his state sentence, but he does qualify for that benefit because of the detainer lodged against him in this case. (D.E. 18 at 1.) He asks that the Court consider this fact in ruling on his "Petition for Writ of Habeas Corpus Ad Prosequendum."

The Court has given due consideration to the documents submitted by Maldonado. For the same reasons set forth by the Court in its prior Order, however, the Court determines that Maldonado is not entitled to the relief he seeks. He has no right to revocation

proceedings in this case until execution of the warrant against him. For this reason, explained more fully in the Court's prior order (D.E. 15), Maldonado's latest filings (D.E. 17, 18) are denied.

ORDERED this 4th day of August, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE