UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. C-99-34 |
| § | |
| MARTIN BARRON MALDONADO SR. § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD PROSEQUENDUM

On August 4, 2010, the Court received a letter from Defendant Martin Barron Maldonado, Sr., ("Maldonado") (D.E. 23), and on August 18, 2010, the defendant filed a formal motion titled "Motion for Disposition and Final Resolution of Complaints, Information, Detainers and Warrants" (D.E. 24). In both pleadings he requests that he be brought before the court to dispose of his pending Supervised Release Violator's petition, for which an arrest warrant was issued and a detainer lodged with the Oklahoma prison authorities. Maldonado states he was granted parole in July 2010 but he is afraid that the Oklahoma authorities "will try to hold me as long as possible before my release to your jurisdiction" (D.E. 23). Both pleadings are construed as petitions for issuance of a writ of habeas corpus ad prosequendum, and are denied.

The Court's orders dated February 18, 2009, and August 4, 12009, set forth the background of Maldonado's criminal case (D.E. 15, 20). In those orders the Court noted that the warrant for Maldonado's arrest had not yet been executed and that a detainer was lodged against him. (D.E. 15 at 2.) Until the execution of that warrant, the Court held that Maldonado had no right to a revocation hearing. (D.E. 15 at 2-3 (citing United States v.

Tippens, 39 F.3d 88, 90 (5th Cir. 1994) and Moody v. Daggett, 429 U.S. 78 (1976)). Maldonado is now essentially requesting the same relief, i.e. that he be brought before the court for resolution of the revocation proceedings.

Maldonado has cited no authority demonstrating that he is entitled to the relief he seeks. To the extent he is requesting that the Court issue a writ of habeas corpus ad prosequendum, the motions (D.E. 23, 24) are denied for the same reasons set forth in the Court's earlier orders (D.E. 15, 20). To the extent Maldonado is petitioning for relief pursuant to 28 U.S.C. § 2241 that the Oklahoma authorities release him on parole, Maldonado must file that petition against his custodian in the District of Oklahoma, where he is incarcerated. 28 U.S.C. § 2243.

ORDERED this 10 day of Jan, 2011.

HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE